Per Curiam.

The appellant, Jer-Zee, Inc., is engaged in making and selling a frozen dessert under the trade name, J er-Zee. Appellant purchases a prepared raw mix in liquid form from a milk company and places it in a refrigerated storage box where it is cooled to a temperature of 34 to 36 degrees Fahrenheit. The mix is then placed into a tank on top of the freezer unit, from which tank it flows into the *32 freezer cylinder where it is pumped through a “beater assembly” consisting of agitating paddles and scrapers. During this process of throwing the mix from agitating paddles to a cold cylinder wail and back to the paddles, air is incorporated into the mix and it is reduced to a temperature of 18 or 19 degrees Fahrenheit, at which temperature it is dispensed from the freezer direct to the customer or placed in storage freezer chests for later sale. This freezing process converts the prepared raw mix, which has the consistency of cream and is not palatable, into a semisolid which resembles ice cream and can be stacked in cones and cups. Certain chemical changes in the mix are brought about by this freezing process. Ten gallons of the raw mix, for which appellant pays $10.14, will make approximately 12.5 gallons of the finished product, for which appellant receives between $28 and $35.
Appellant is operating its business under a “license to operate commercial frozen dessert plant,” issued by the Ohio Department of Agriculture, Division of Foods and Dairies, under authority of Section 12730-la, General Code (Section 3717.52, Revised Code), by which it is “authorized to operate said plant for the purpose of manufacturing and packing frozen desserts.”
For the calendar years 1951, 1952 and 1953, the appellant listed its personal property at 50 per cent of its true value. The Tax Commissioner relisted the property at 70 per cent of its true value, taking the position that appellant is not a manufacturer.
The Board of Tax Appeals affirmed the order of the Tax Commissioner.
The cause is in this court on appeal from the decision of the Board of Tax Appeals, presenting the ques *33 tion whether the appellant is a “manufacturer” of a frozen dessert, within the meaning of Section 5385, General Code (Section 5711.16, Revised Code), and entitled to have its personal property used in business listed for purposes of taxation at 50 per cent of its true value, under authority of Section 5388, General Code (Section 5711.22, Revised Code).
This court is of the opinion that appellant, in its business of making and selling frozen dessert, is a “manufacturer” within the meaning of that term as used in Sections 5385 and 5388, General Code (Sections 5711.16 and 5711.22, Revised Code), and is entitled to have its personal property used in such business listed for taxation at 50 per cent of its true value. Miller v. Peck, Tax Commr., 158 Ohio St., 17, 106 N. E. (2d), 776. See Red Top Brewing Co. v. Bowers, Tax Commr., ante, 18.
The decision of the Board of Tax Appeals is reversed.

Decision reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.